AB:GK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ELKIN ACOSTA LOPEZ,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT OF
REMOVAL TO THE
NORTHERN DISTRICT OF TEXAS

(Fed R. Crim. P. 5)

No. 19 MJ 237

EASTERN DISTRICT OF NEW YORK, SS:

        Jason Ibrahim, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

        On or about February 21, 2019, the United States District Court for the Northern District of Texas, Dallas Division, issued an arrest warrant commanding the arrest of the defendant ELKIN ACOSTA LOPEZ in connection with an Indictment charging the defendant with conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (h).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about February 21, 2019, an arrest warrant was issued by the United States District Court for the Northern District of Texas, Dallas Division, commanding the arrest of ELKIN ACOSTA LOPEZ in connection with an indictment charging LOPEZ with conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (h). A true and correct copy of the arrest warrant is attached as Exhibit A. A true and correct copy of the Indictment is attached as Exhibit B.

2. On or about March 15, 2019, I received a notification that the defendant had booked a plane ticket scheduled to depart from Bogota, Colombia on or about 9:05 p.m on Sunday, March 17, 2019, and to arrive at John F. Kennedy International Airport ("JFK Airport") on or about 3:40 a.m. on Monday, March 18, 2019.

3. I notified U.S. Customs and Border Protection of the defendant's outstanding arrest warrant in the Northern District of Texas and made arrangements for his arrest following his arrival at JFK Airport.

4. On or about March 18, 2019, I arrested the defendant at JFK Airport.

5. During his arrest, agents asked the defendant if he was "Elkin Acosta Lopez." He stated that he was.

6. Upon his arrest, the defendant possessed a Colombia passport with his photograph and the name "Elkin Acosta Lopez."

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause for removal, I have not described all of the relevant facts and circumstances of which I am aware.

2

7. I have reviewed a photograph of the "Elkin Acosta Lopez" wanted in the Northern District of Texas and compared it to the defendant. Based on my comparison, I believe the photograph to depict the defendant.

8. Based on the foregoing, I believe that the defendant is the ELKIN ACOSTA LOPEZ wanted in the Northern District of Texas.

WHEREFORE, your deponent respectfully requests that the defendant ELKIN ACOSTA LOPEZ be removed to the Northern District of Texas so that he may be dealt with according to law.

_____
Jason Ibrahim
Special Agent
Federal Bureau of Investigation

Sworn to before me this
__18__ day of March, 2019

_____
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# Exhibit A

# United States District Court
## Northern District of Texas
Dallas Division

UNITED STATES OF AMERICA

V.

ELKIN ACOSTA LOPEZ

**SEALED WARRANT FOR ARREST**

CASE NUMBER: 3:19-CR-90-S

To: The United States Marshal
and any Authorized United States Officer

MAG. CASE NUMBER: _____

YOU ARE HEREBY COMMANDED to arrest   ELKIN ACOSTA LOPEZ

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☒ Sealed Indictment   ☐ Information   ☐ Complaint   ☐ Order of court   ☐ Violation Notice   ☐ Probation Violation Petition

charging him or her with:

Conspiracy to Launder Monetary Instruments

in violation of Title   18
United States Code, Section(s)
1956(a)(1)(A)(i) and (h)

Karen Mitchell, U.S. District Court Clerk
Name and Title of Issuing Officer

*/s/ Karen Mitchell*
Signature of Issuing Officer

U.S. Magistrate Judge Renee H. Toliver
Judge

2/21/2019
Date

Dallas, TX
Location

s/ M. Arrington
(By) Deputy Clerk

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

# Exhibit B

SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2019 FEB 21  PM 12: 57

DEPUTY CLERK_____

| UNITED STATES OF AMERICA | NO. |
|---|---|
| v. | **FILED UNDER SEAL** |
| ELKIN ACOSTA LOPEZ | |

INDICTMENT  **3-19CR-090-S**

Count One
Conspiracy to Launder Monetary Instruments
(Violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h))

The Grand Jury Charges:

**Introduction and Background**

At all times material to this indictment:

1. Defendant **Elkin Acosta Lopez** was a resident of Bogotá, Colombia.

2. Defendant **Elkin Acosta Lopez** operated a jewelry business in Bogotá, Colombia.

**Conspiracy**

3. Beginning on or about June 6, 2016, and continuing through in or around July of 2016, the exact date being unknown, in the Dallas Division of the Northern District of Texas (NDTX) and elsewhere, the defendant, **Elkin Acosta Lopez**, did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit an offense against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified

Indictment—Page 1

unlawful activity, that is, interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, with the intent to promote the carrying on of said specified unlawful activity, that is, interference with commerce by robbery, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

### Manner and Means

4. It was part of the conspiracy that the conspirators profiled traveling jewelry salesmen in the Dallas Fort-Worth area and elsewhere for the purposes of planning robberies of the traveling jewelry salesmen.

5. It was further part of the conspiracy that the conspirators robbed traveling jewelry salesmen, sometimes at gunpoint, in order to steal the traveling jewelry salesmen's money and jewelry.

6. It was further part of the conspiracy that the conspirators negotiated and sold the stolen jewelry to **Elkin Acosta Lopez**, who knew the jewelry had been stolen.

7. It was further part of the conspiracy that the conspirators conducted business in interstate commerce and the conspiracy affected interstate and foreign commerce as contemplated by 18 U.S.C. § 1951(a).

8. It was further part of the conspiracy that **Elkin Acosta Lopez** traveled to New York to sell the stolen jewelry. In at least one instance, **Elkin Acosta Lopez** melted down the jewelry to conceal that it had been stolen.

9. It was further part of the conspiracy that **Elkin Acosta Lopez** caused currency to be provided to the conspirators in the United States and in the country of Colombia in exchange for providing **Elkin Acosta Lopez** with the stolen jewelry.

## Overt Acts

10. In furtherance of the conspiracy and to effect its object, **Elkin Acosta Lopez**, along with other conspirators, committed the following overt acts, among others, in the NDTX and elsewhere:

11. On or about June 9, 2016, the conspirators, whose names are known to the Grand Jury, conducted surveillance in the vicinity of a jewelry store located at 300 South Central Expressway, Richardson, Texas, for the purpose of identifying and robbing a traveling jewelry salesman.

12. On or about June 9, 2016, the conspirators, whose names are known to the Grand Jury, utilized three rental vehicles in order to conduct the above-referenced surveillance, facilitate the commission of the robbery, and avoid detection and apprehension by law enforcement.

13. On or about June 9, 2016, the conspirators, whose names are known to the Grand Jury, robbed a traveling jewelry salesman at gunpoint at a gas station located in Euless, Texas, in the NDTX.

14. On or about June 9, 2016, the conspirators, whose names are known to the Grand Jury, kicked and beat the traveling jewelry salesman to secure and steal his jewelry. The violence contributed to the traveling jewelry salesman's death.

15. On or about June 10, 2016, the conspirators spoke with **Elkin Acosta Lopez** about the potential purchase of jewelry.

16. On or about June 11, 2016, **Elkin Acosta Lopez** entered the United States from the country of Colombia to meet with the conspirators in Houston, Texas, for the purpose of purchasing the stolen jewelry.

17. On or about June 11, 2016, **Elkin Acosta Lopez** rented a car in Houston, Texas.

18. On or about June 12, 2016, **Elkin Acosta Lopez** gave the conspirators a down-payment of approximately $10,000 in United States currency for the stolen jewelry. **Elkin Acosta Lopez** told the conspirators he would provide the rest of their money at a later date.

19. On or about June 12, 2016, the conspirators split the down-payment from **Elkin Acosta Lopez**.

20. On or about June 13, 2016, **Elkin Acosta Lopez** began traveling to New York to sell the jewelry.

21. On or about June 20, 2016, **Elkin Acosta Lopez** flew from New York to Bogotá, Colombia.

[Nothing further on this page.]

22. In July of 2016, **Elkin Acosta Lopez** caused more currency to be provided to the conspirators, whose names are known to the Grand Jury, in the country of Colombia. This currency represented the remaining portion of what the conspirators and **Elkin Acosta Lopez** had agreed on in Houston, Texas, back in June of 2016.

All in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h).

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
RYAN R. RAYBOULD
Assistant United States Attorney
Kansas Bar No. 25429
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8713
Fax: 214-659-8809
E-mail: ryan.raybould@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

ELKIN ACOSTA LOPEZ

SEALED INDICTMENT

(18 U.S.C. § 1956(h) (18 U.S.C. § 1956(a)(1)(A)(i))
Conspiracy to Commit Promotional Money Laundering

(Count 1)

1 Count

A true bill rendered

DALLAS                                                                          FOREPERSON

Filed in open court this 21st day of February, 2019.

**Warrant to be Issued**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending



CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2019 FEB 21 PM 12: 57

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

ELKIN ACOSTA LOPEZ

NO.

**FILED UNDER SEAL**

### ORDER   3-19CR-090-S

Before the Court is the Government's Motion to Seal Indictment in the above-captioned criminal case. The Court **GRANTS** the motion.

IT IS THEREFORE ORDERED that the indictment be **sealed** until the defendant has been apprehended, or until further order of the Court.

IT IS FURTHER ORDERED that the case against the defendant be **unsealed** upon the apprehension and appearance of that defendant.

IT IS FURTHER ORDERED that the government is allowed to provide the apprehended defendant with a copy of the indictment.

IT IS FURTHER ORDERED that this order and the accompanying motion be **sealed**.

**SO ORDERED** on this 21 day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

Order to Seal Indictment -- Page 1